```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    EASTERN DIVISION
```

LEONARD QUINN,

    Plaintiff,

            vs.                No.: 1:14-cv-01027-JDT-egb

WESTERN MENTAL HEALTH INSTITUTE,
*Unit B-3, Unit B-1*,
Officer Currie,

    Defendants.

---

## REPORT AND RECOMMENDATION

On February 6, 2014, Plaintiff Leonard Quinn, a *pro se* litigant who at the time was a patient at the Western Mental Health Institute[1], filed a 42 USC § 1983 complaint against the Western Mental Health Institute, Unit B-3, Unit B-1[2], alleging *inter alia,* that Unit B-3 does not go on recreational activities, that Units B-3 and B-1 do not go on outside outings, that Unit B-3 cannot go to Chapel services and that once a month "security comes to B-3 to shake down everyone." Quinn seeks a change in policy of the Institute and compensation of a "decent amount" for his inconveniences. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for

---

[1] On March 24, 2014, the Plaintiff notified the Court that he was now located at the Ridgemont Group Home in Memphis, Tennessee.
[2] While the Court's Docket reflects Officer Currie as being involved in this litigation, there is no mention of Officer Currie in the complaint except for being involved in a previous complaint filed by the Plaintiff. It is thus recommended that Officer Currie be struck from the caption of this instant case and dismissed as a defendant.

determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)       is frivolous or malicious;

    (ii)      fails to state a claim on which relief may be granted; or

    (iii)     seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

2

allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a

3

judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges

4

have no obligation to act as counsel or paralegal to pro se litigants.").

## ANALYSIS

Plaintiff is no longer a patient at the Western Mental Health Institute. Plaintiff seeks injunctive relief as to change the policies of the Institute and compensation for his inconveniences. While Plaintiff seeks compensation, he does not specify a specific dollar amount, and, even if he had specified an amount, there is not a claim upon which relief can be granted.

Additionally, any relief which could have been granted in relation to outings and recreational activities at the Institute are moot, since the Plaintiff is no longer a patient there. "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio, 263 F.3d 513, 530 (6th Cir. 2001). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979). This occurs when "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur," and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. "When both conditions are satisfied it may be said that the case

is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Id.

Plaintiff's transfer from the Western Mental Health Institute has "eradicated the effects of the alleged violation." Id. Once transferred, Plaintiff was not longer subject to the Institute's policies. Furthermore, there is no reasonable expectation that the alleged violation will recur. Under these circumstances, there is no basis for the court to provide plaintiff with injunctive relief. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief related to his conditions of confinement were moot when he was no longer confined to the institution that searched his mail); Penland v. Warren County Jail, 759 F.2d 524, 526 n. 1 (6th Cir. 1985) (when plaintiffs sought injunctive relief related to their confinement at a county jail, their release from the jail rendered their claims for injunctive relief moot); J.P. v. Taft, 439 F.Supp.2d 793, 813 (S.D. Ohio 2006) (released inmate cannot be awarded injunctive relief related to his conditions of confinement; a former inmate's claims are moot "[b]ecause he cannot establish that there is a reasonable likelihood that the allegedly wrongful acts will recur as to him"). Accordingly, any of the Plaintiff's claims which could be construed as injunctive relief should be dismissed as moot.

For the reasons above, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this, the 25th day of August, 2014.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.